# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRYANT L. CROWLEY, | : | |
| Petitioner, | : | |
| | | Case No. 3:11cv00431 |
| -vs- | : | |
| | | District Judge Walter Herbert Rice |
| WARDEN, Southern Ohio Correctional | : | Magistrate Judge Sharon L. Ovington |
| Facility, | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS

Petitioner Bryant L. Crowley, an inmate at the Southern Ohio Correctional Facility, seeks a writ of habeas corpus under 28 U.S.C. §2254.

When Crowley filed his petition on December 8, 2011, he did not pay the required $5.00 filing fee or submit an application to proceed *in forma pauperis*. *See* 28 U.S.C. §§1914(a), 1915. The Court therefore directed him to do one or the other by January 3, 2012, and placed him on notice that if he did not either pay the $5.00 filing fee or submit an *in forma pauperis* application, his case may be dismissed for want of prosecution. (Doc. #2).

Crowley has not responded to the Order and has neither paid the required $5.00 filing fee nor submitted an application to proceed in forma pauperis. He has therefore

failed to comply with both a statutory mandate, *see* 28 U.S.C. §§1914(a), 1915, and an Order of this Court, thus subjecting his petition to dismissal. *See Culler v. Board of Prison Terms*, 405 Fed.Appx. 263, 264 (9th Cir. 2010); *McCray v. Johnson*, 66 Fed.Appx. 508 (4th Cir. 2003); *cf. Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (affirming decision to dismiss civil rights case due to the *pro se* plaintiff's failure to adhere to readily comprehended deadlines and his pattern of delay).

In addition, except for filing his original petition, Crowley has not filed any pleading, motion, or other document; he has not sought an extension of time; and he has not otherwise prosecuted this case. Dismissal of his petition is therefore warranted due to his failure to prosecute. *Cf. Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Because the federal courts generally prefer to adjudicate cases on the merits, Crowley is placed on notice that if he timely responds (within the 17-day period he has to file Objections) to this Report and Recommendations by either paying the $5.00 filing fee or submitting an application to proceed *in forma pauperis*, the problem supporting the present recommended dismissal would no longer exist.

It is therefore **RECOMMENDED** that, in the absence of timely action by Crowley – either paying the $5.00 filing fee or filing an *in forma pauperis* application – his Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED**, without prejudice to

2

renewal, and that the case be terminated on the docket of this Court.


January 18, 2012

                <u>s/ Sharon L. Ovington</u>
                 Sharon L. Ovington
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).