**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| BRYANT L. CROWLEY, | : | |
| Petitioner, | : | Case No. 3:11cv00431 |
| -vs- | : | |
| WARDEN, Southern Ohio Correctional Facility, | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| | : | |
| Respondent. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

## I. INTRODUCTION

Petitioner Bryant L. Crowley brings this action pursuant to 28 U.S.C. § 2254 in order to correct alleged errors in the computation of his state sentence for assaulting two officers while incarcerated in the Clark County jail on a separate offense.

Crowley's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court.  Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Crowley's Petition or attached Exhibits that he "is not entitled to relief in the district court . . . ."  Applying this lenient standard to Crowley's Petition reveals that it plainly appears that the sole ground

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

for relief raised by Crowley is not cognizable under 28 U.S.C. § 2254.

## II.  CROWLEY'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

In January 2006, while incarcerated in the Clark County jail on a separate offense, Crowley had an altercation with two officers in the jail who were attempting to move him to a different area of the facility.  *See State v. Crowley*, 2008 Ohio 2718, *P1-*P4 (Ohio Ct. App. June 6, 2008).  As a result, on May 5, 2006, a jury found Crowley guilty of two counts of assault, in violation of Ohio Revised Code § 2903.13.  *Id.* at *P2.  The trial court sentenced Crowley to twelve (12) months on the first count and eighteen (18) months on the second count.  Both counts were to be served consecutively for an aggregate sentence of (30) months imprisonment.  *Id.*  In his Petition, Crowley does not challenge these convictions.  Instead, Crowley's sole ground for relief involves an alleged error committed by the Bureau of Sentence Computation relating to the computation of his sentence.  (Doc. #1 at 4).

On June 28, 2007, Crowley filed a "Motion to modify sentence to correct error with BOSC," in the Clark County Court of Common Pleas.  (*Id.*).  Crowley raised the following issue:

> Due to the language of sentences the Bureau of Sentencing Computation has the sentence reading consecutively to my 05CR0819 case of 2 yrs which is 4 ½ years. The same sentence is also ran consecutively to my old law 92 CR0632 by error. Because by law I have to due this new sentence first which is the sentence I'm doing 05, 06, 07 expiration of 2-28-12.  Before I start to finish the remainder of my old law which is aggregated time of 6 to 25 1992 to 2017.  My max date now on the old law is 2022.  Because the time I just done is also on top of my old law from 2017 to 2022.

2

(Doc. #1 at 4, verbatim).

After a hearing, Crowley's Motion was denied on March 20, 2009. (Doc. #1 at 5). He sought no appeal of the issue. (*Id.*).

In his habeas Petition, Crowley sets forth the following ground for relief:

> **GROUND ONE:** Once 2-28-12 comes the Parole Board, BOSC will be able to hide or try to hide this travesty. All my Appeals and Motions have been Denied or Overruled.
>
> **Supporting facts**: (1) I've repeatedly filed motions to address this matter, as shown by court entries.
>
> (2) I've also repeatedly contacted BOSC in Orient, Ohio. Either my letters are lost or half recieved. The other replies are based on my Journal Entries. Which clearly states consecutive for 06 CR102 and 06 CR23350 to run to current to 2 yrs which is the 05CR0819 of burglary 2 yrs. Then why is it that this same time is on top of 92 CR0632 also. It's against the law to serve the same sentences twice for one conviction.

(*Id.*, verbatim).

## III. CROWLEY'S CLAIM IS NOT COGNIZABLE UNDER 28 U.S.C. § 2254

In his sole ground for relief, Crowley alleges his state sentence was calculated incorrectly. (*Id.*). Such an issue, however, is not cognizable in a federal habeas corpus proceeding. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) ("[T]he actual computation of [the Petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." (citing *Estelle v. McGuire*, 502 U.S. 62, 68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991))); *see also Howard v. White*, 76 Fed. Appx. 52, 53 (6th

3

Cir. 2003) ("[Petitioner's] remaining ground for relief is not cognizable in this federal habeas corpus proceeding because it challenges the state court's interpretation and application of its sentencing laws and guidelines."). Moreover, even if Petitioner's claim was cognizable, he has failed to exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b), (c).

Accordingly, it plainly appears from Crowley's Petition that his claim is not cognizable in a federal habeas corpus proceeding. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

### IT IS THEREFORE RECOMMENDED THAT:

1. Bryant L. Crowley's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General M. Scott Criss, Corrections Litigation, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215-6001.

February 14, 2012

                  s/Sharon L. Ovington
                  Sharon L. Ovington
                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).